IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERWIN HUE )
    Petitioner )
)
vs. ) C.A.No. 09-85Erie
)
FRANCISCO QUINTANA, et al )
) Magistrate Judge Baxter
    Respondents. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

**II.    REPORT**

    **A.    Relevant Procedural History**

Petitioner, an inmate within the federal correctional system, filed this petition for writ of habeas corpus on April 10, 2009. As of today's date, Petitioner has failed to cooperate with the U.S. Marshal Service in its efforts to serve the petition upon Respondents, and therefore, this case should be dismissed due to Petitioner's failure to prosecute.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the

1

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has ignored orders by this Court. See Documents # 4 and 6. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his case. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2009